IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MEMPHIS AND SHELBY COUNTY ) <br> OFFICE OF CONSTRUCTION CODE ) <br> ENFORCEMENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TI PROPERTIES, LLC, ) <br> ) <br> Defendant. ) | Case No. 2:20-cv-02208-JPM-cgc |

**ORDER REMANDING CASE TO STATE COURT**

This case arises out of an enforcement action brought by Plaintiff Memphis and Shelby County Office of Construction and Code Enforcement against Defendant TI Properties, LLC in connection with several nonconforming signs owned by Defendant. (See ECF Nos. 1, 1-1.) Defendant removed the case from state court on March 23, 2020. (ECF No. 1.) Presently before the Court is Plaintiff's April 14, 2020 Motion for Remand. (ECF No. 9.) Plaintiff asserts that the Court lacks subject matter jurisdiction over the case because "there is no basis for [federal question jurisdiction] obvious on the face of the state court citations, nor does the resolution of Plaintiff's citations involve a federal issue." (Id. at PageID 22.)

Defendant filed its Response on April 23, 2020. (ECF No. 13.) Defendant asserts that Plaintiff's citations "resulted in the violation of TI['s] Federal Constitutional Rights to lawfully operate its property consisting of commercial off-premise sign structures which this

Court has jurisdiction to enforce and protect under [28 U.S.C. § 1983]." (ECF No. 13 at PageID 45.)

For the reasons set forth below, Plaintiff's Motion for Remand is **GRANTED**.

## I.  BACKGROUND

On March 3, 2020, Defendant received four citations for violating Memphis zoning ordinances in connection with Defendant's alterations to several nonconforming billboards. (Id.)  On March 3, 2020, Plaintiff filed the case in the Environmental Court Division of the General Sessions Court of Shelby County, Tennessee.  (Notice of Removal, ECF No. 1 at PageID 2; Mot. for Remand, ECF No. 9 at PageID 21.)

On March 23, 2020, Defendant removed the case to this Court.  (ECF No. 1.) Defendant asserts that the Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331 because "[t]here are several Federal Questions . . . involved in this suit . . . ." (Id. at PageID 2.)  These "include violation[s] of Defendant's First Amendment Rights, [and] Rights of Due Process and Equal Protection under the First Amendment, Fifth Amendment and the Fourteenth Amendment of the U.S. Constitution," all of which, Defendant asserts, can properly be vindicated pursuant to 42 U.S.C. § 1983.  (Id. at PageID 2.)  Defendant also asserts that this case is related to a case previously before this Court involving counsel for Defendant, Thomas v. Schroer, 248 F. Supp. 3d 868 (W.D. Tenn. 2017).  (Id. at PageID 3.)

On April 14, 2020, Plaintiff filed its Motion to Remand.  (ECF No. 9.)  On April 21, 2020, Defendant filed what it stylized as a Submittal for Scheduling Conference on April 23, 2020.  (ECF No. 12.)  Defendant reasserts its claim that these citations violate its

constitutional rights. (Id. at PageID 31–33.) Defendant filed its Response on April 23, 2020. (ECF No. 13.)

## II. LEGAL STANDARD

28 U.S.C. § 1441(a) provides, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Paul v. Kaiser Found. Health Plan of Ohio, 701 F.3d 514, 518 (6th Cir. 2012) (quoting Kitzmann v. Local 619–M Graphic Commc'ns Conference, 415 F. App'x 714, 716–18 (6th Cir. 2011)). "Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

28 U.S.C. § 1331 confers federal question jurisdiction on district courts. The section provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A claim arises under federal law . . . when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." Miller v. Bruenger, 949 F.3d 986, 991 (6th Cir. 2020) (citing Estate of Cornell v. Bayview Loan Servicing, LLC, 908 F.3d 1008, 1012–14 (6th Cir. 2018)).

The "well-pleaded complaint rule" governs federal jurisdiction and "provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." Id. (quoting Kitzmann, 415 F. App'x at 716–18). A case does not arise under the

Constitution, laws, or treaties of the United States by way of a federal counterclaim or affirmative defense premised on federal law.  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("Allowing a counterclaim to establish 'arising under' jurisdiction would . . . contravene the longstanding policies underlying our precedents."); see also Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1252 (6th Cir. 1996) ("[T]he presence of a federal *defense* is inadequate." (emphasis in original)).

**III.    ANALYSIS**

Simple application of the well-pleaded complaint rule resolves this Motion.  Plaintiff's Complaint, which is comprised of Defendant's citations for alterations made to nonconforming signs in violation of Memphis zoning ordinances, presents no federal question and is purely a matter of state law.  (See ECF No. 1-1.)  Plaintiff's Complaint does not assert federal causes of action.  See Miller, 949 F.3d at 991.

Nor does the Complaint "present[] a substantial question of federal law."  Id.  A state law cause of action only presents a substantial question of federal law when the underlying cause of action "(1) 'necessarily raise[s] a stated federal issue' that is (2) 'disputed and substantial' and (3) hearable by the federal courts without disturbing the established federal-state court balance."  Id. (quoting Estate of Cornell, 908 F.3d at 1014); see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Plaintiff in its Complaint does not assert state law causes of action "that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  Grable, 545 U.S. at 312 (citation omitted).  Despite Defendant's attempt to imbue Plaintiff's claims with a federal character, Plaintiff's claims do

not require, for example, proof of the unconstitutionality of congressionally created investment bonds, see Smith v. Kansas City Title & Trust Co., 255 U.S. 180, or proof of the IRS's failure to provide notice under federal law in a state superior title claim, Grable, 545 U.S. at 314–15.

Additionally, "the appropriateness of a federal forum to hear an imbedded [federal law] issue [can] be evaluated only after considering the 'welter of issues regarding interrelation of federal and state authority and the proper management of the federal judicial system.'" Grable, 545 U.S. at 314 (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8 (1983)).  Asserting federal question jurisdiction over a municipality's civil enforcement action no doubt implicates such issues.

Because the only federal questions raised in this case arise out of Defendant's apparent constitutional counterclaim under 42 U.S.C. § 1983 and its several asserted federal constitutional defenses, and because the Complaint presents no federal question on its face that could have allowed the case originally to be filed in federal court, this Court does not have removal jurisdiction over this case.  The Court **GRANTS** the Motion and remands the case to state court.

**SO ORDERED**, this 27th day of April, 2020.

                                                          /s/ Jon P. McCalla
                                                        JON P. McCALLA
                                                        UNITED STATES DISTRICT JUDGE